## LANDAU v. O. J. GUDE CO.

### (Supreme Court, Appellate Term. March 9, 1903.)

1. LANDLORD AND TENANT—LEASE OF ADVERTISING SPACE—RENT—ORDERS OF BUILDING DEPARTMENT.

Where a lease of the right to put up advertising signs specifically provided that it was made subject to all rules of the building department, the lessee was not relieved from its obligation to payment by the rejection of a sign proposed by it by the building department; it not being shown that no other sign could have been put up without infringing the building code.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Adolph Landau against the O. J. Gude Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Victor E. Whitlock, for appellant.
A. S. Gilbert, for respondent.

PER CURIAM. The plaintiff's assignor was the lessee of certain premises. He sublet to defendant the right to put up advertising signs on the outside of the building, on a level with the third and fourth floors, for $30 a month, payable in advance. Defendant paid this rent from November 30, 1901, to June 17, 1902, without taking any steps to put up any advertising sign. In June, 1902, it filed an application with the building department to put up a certain specified sign. The department rejected the application on the ground that the proposed sign was unlawful, under section 144 of the building code. The defendant refused to pay any more rent after such rejection. The plaintiff brought this action for $73, which is conceded to be the sum to which plaintiff is entitled if he is entitled to anything at all under said contract. The justice gave judgment for the defendant. Plaintiff appeals.

The sublease or agreement specifically provides that it "is made subject to all rules, regulations and ordinances of the building department." Within this limit, and barring certain kinds of advertising, defendant was at liberty to choose the sort of signs that it desired. The defendant's officers could have seen the position of the building, with regard to the street, before they signed the agreement or sublease; and if the building, under the rules of the building department, was not suitable to the particular advertising sign that they wished to put up, they could have refrained from entering into the contract. The evidence would not at all warrant a conclusion that no other sign than the one rejected by the department could have been put up without infringing the building code. No particular kind of sign or signs was called for by the agreement, but, as we have seen, the defendant could choose the kind that it deemed suitable, within the limits specifically mentioned, as above set forth. If the defendant saw fit to choose one that came within the prohibition of the building department, it was not thereby relieved from the obligations of the contract,

as it stipulated in the contract itself not to choose such a sign as would not be acceptable to the said department. We think the judgment should be reversed, and a new trial granted, with costs to abide the event.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.