LANDAU, Respondent, v. O. J. GUDE CO., Appellant. (Supreme Court, Appellate Term. November 6, 1903.) Action by Adolph Landau against the O. J. Gude Company. From a judgment for plaintiff, defendant appeals. Affirmed. A. S. Gilbert, for appellant. Victor E. Whitlock, for respondent.

PER CURIAM. This action has been before this court upon a former appeal (84 N. Y. Supp. 672), in which a judgment in favor of the defendant was reversed, and a new trial ordered. The Appellate Term, in reversing the judgment, used these words: "Defendant's officers could have seen the position of the building with regard to the street before they signed the agreement or sublease, and if the building, under the rules of the building department, was not suitable for the particular advertising sign they wished to put up, they could have refrained from entering into the contract. The evidence would not at all warrant a conclusion that no other sign than the one rejected by the department could have been put up without infringing the building code. No particular kind of sign or signs was called for by the agreement; but, as we have seen, the defendant could choose the kind that he deemed suitable and within the limits, specifically mentioned, as above set forth. If the defendant saw fit to choose one that came within the prohibition of the building department, it was not thereby relieved from the obligations of the contract, as it stipulated in the contract itself not to choose such a sign as would not be acceptable to the department." The facts found on the second trial are precisely similar to those found upon the first trial, except that the defendant has attempted to show by one Totten that the sign for which the application was made to the building department was the only sign that could have been built. This they did not succeed in doing. Totten admitted upon cross-examination that the upper cornice of the building did not project so far from the front of the building

that a wooden or metal sign could not be built on it, and yet remain within 12 inches (the distance beyond which the rules of the building department prohibited) of the front surface of the building. From the testimony given it appears that there was ample room in the space rented to the defendant to erect in a lawful manner a sign from 2 to 3 feet in width, or a series of such signs, to be placed one above the other in the space between the windows on the front of said building. The defendant has failed to show any reason for being relieved of the contract entered into, as we must assume, with a full knowledge of all the facts and circumstances. The judgment should be affirmed. Judgment affirmed, with costs.